Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> OCEAN DRIVE CLOTHING CO., a New Jersey Business Corporation; THE TJX COMPANIES, INC., a Delaware Corporation, individually and doing business as "T.J. MAXX"; and DOES 1 through 10, <br><br> Defendants. | Case No.: <br><br> PLAINTIFF'S COMPLAINT FOR: <br><br> 1. COPYRIGHT INFRINGEMENT; <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT <br><br> <u>Jury Trial Demanded</u> |

Plaintiff STANDARD FABRICS INTERNATIONAL, INC., by and through its undersigned attorneys, hereby prays to this honorable Court for relief as follows:

- 1 -

COMPLAINT

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff, STANDARD FABRICS INTERNATIONAL, INC. ("STANDARD") is a corporation organized and existing under the laws of the state of California with its principal place of business located in the Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that OCEAN DRIVE CLOTHING CO. ("OCEAN DRIVE") is a corporation organized and existing under the laws of the state of New Jersey with its principal place of business located at 1430 Chestnut Avenue, Hillside, New Jersey 07205, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that THE TJX COMPANIES, INC., individually and doing business as "T.J. MAXX" (collectively "TJX") is a business entity of unknown form organized and existing under the laws of the state of Delaware, with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701, and is doing business in and with the state of California.

7. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or

1  otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff,

2  which therefore sues said Defendants by such fictitious names, and will seek leave to

3  amend this Complaint to show their true names and capacities when same have been

4  ascertained.

5      8.  Plaintiff is informed and believes and thereon alleges that at all times

6  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

7  manager, principal, alter-ego, and/or employee of the remaining Defendants and was

8  at all times acting within the scope of such agency, affiliation, alter-ego relationship

9  and/or employment; and actively participated in or subsequently ratified and

10  adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

11  all the facts and circumstances, including, but not limited to, full knowledge of each

12  and every violation of Plaintiff's rights and the damages to Plaintiff proximately

13  caused thereby.

14  <center>**CLAIM RELATED TO DESIGN 7991**</center>

15      9.  Prior to the conduct complained of herein, Plaintiff composed an original

16  two-dimensional artwork for purposes of textile printing, which is set forth

17  hereinbelow. It allocated this artwork Plaintiff's internal design number 7991

18  (hereinafter the "Subject Design"). This artwork was a creation of Plaintiff's design

19  team, and is, and at all relevant times was, owned exclusively by Plaintiff.

20      10. Plaintiff applied for and received a United States Copyright Registration

21  for the Subject Design.

22      11. Prior to the acts complained of herein, Plaintiff sampled and sold fabric

23  bearing Subject Design to numerous parties in the fashion and apparel industries. A

24  true and correct image of the Subject Design is presented below:

25

26

27  ///

28  <center>- 3 -</center>

<center>COMPLAINT</center>

Subject Design:



12. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design by Plaintiff, TJX, OCEAN DRIVE, and certain DOE Defendants created, sold, manufactured, caused to be manufactured, imported and distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Subject Product"). Such Subject Product includes but is not limited to garments sold by TJX bearing the label "ocean drive", indicating that it was manufactured by or for OCEAN DRIVE.

13. Plaintiff first became aware of the Subject Product in or about mid-2015 when Plaintiff's employee spotted the Subject Product while shopping at a T.J. MAXX store in Queens, New York. Plaintiff's employee was unable to purchase the garment on this occasion.

14. Plaintiff is informed and believes and thereon alleges that OCEAN DRIVE took direct access to the Subject Design by placing orders with STANDARD for

fabric featuring the Subject Design, then subsequently independently had garments

manufactured featuring an unauthorized modified version(s) of the Subject Design.

15. Below are true and correct images of an exemplar of such infringing fabric

and the Subject Design:

SUBJECT DESIGN                    SUBJECT PRODUCT



16. Plaintiff is informed and believes and thereon alleges that Defendants, and

each of them, have committed copyright infringement with actual or constructive

knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such

that said acts of copyright infringement were, and continue to be, willful, intentional

1  and malicious, subjecting Defendants, and each of them, to liability for statutory

2  damages under Section 504(c)(2) of the Copyright Act in the sum of up to one

3  hundred fifty thousand dollars ($150,000) per infringement.

4      17. A comparison of the Subject Design and each non-exclusive exemplar of

5  Subject Product makes apparent that the elements, composition, colors, arrangement,

6  layout, and appearance of the designs are substantially similar.

7  **FIRST CLAIM FOR RELIEF**

8  (For Copyright Infringement – Against All Defendants, and Each)

9      18.Plaintiff repeats, realleges, and incorporates herein by reference as though

10 fully set forth, the allegations contained in the preceding paragraphs of this

11 Complaint.

12     19. Plaintiff is informed and believes and thereon alleges that Defendants, and

13 each of them, had access to Subject Design, including, without limitation, through

14 (a) access to Plaintiff's showroom and/or design library; (b) access to illegally

15 distributed copies of the Subject Design by third-party vendors and/or DOE

16 Defendants, including without limitation international and/or overseas converters

17 and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments

18 manufactured and sold to the public bearing fabric lawfully printed with the Subject

19 Design by Plaintiff for its customers.

20     20. Plaintiff is informed and believes and thereon alleges that one or more of

21 the Defendants manufactures garments and/or is a garment vendor. Plaintiff is

22 further informed and believes and thereon alleges that said Defendant(s) has an

23 ongoing business relationship with Defendant retailers, and each of them, and

24 supplied garments to said retailer, which garments infringed the Subject Design in

25 that said garments were composed of fabric which featured unauthorized print

26 design(s) that were identical or substantially similar to the Subject Design, or were

27 an illegal derivation or modification thereof.

28

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a nationwide network of retail stores, catalogues, and through on-line websites.

22. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

23. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

24. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

COMPLAINT

**SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

26. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

27. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

29. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

30. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above,

- 8 -

which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

32. <u>With Respect to Each Claim for Relief</u>

   a.  That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

   b.  That a constructive trust be imposed over the Infringing Product and any revenues derived from their sales;

   c.  That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

   d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

   e.  That Plaintiff be awarded pre-judgment interest as allowed by law;

   f.  That Plaintiff be awarded the costs of this action; and

   g.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

COMPLAINT

1    Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.
2    38 and the 7th Amendment to the United States Constitution.

3                                                      Respectfully submitted,
4
5    Dated: November 1, 2016              By:    /s/ Scott A. Burroughs
6                                                Scott A. Burroughs, Esq.
7                                                Trevor W. Barrett, Esq.
                                                 Attorneys for Plaintiff
8                                                Standard Fabrics International, Inc.

COMPLAINT